IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CRYSTAL ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 5:24-CV-276-H-BV |
| § | |
| CITY OF LUBBOCK PARKS & REC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE[1]**

Pro se Plaintiff Crystal Robinson filed this Title VII action along with a request to proceed *in forma pauperis* (IFP). Dkt. Nos. 2, 3, 8. Although she reports that she is unemployed, Robinson also reports that her income and expenses leave her an $1,100-per-month surplus, that her father pays expenses she cannot cover, and she declines to explain how she expects her financial condition to change in the next year, despite the Court's specific prompting to do so. *See* Dkt. No. 8. Thus, the undersigned recommends that the district judge deny Robinson's amended application to proceed IFP, Dkt. No. 8, and deny-as-moot her original application, Dkt. No. 3.

**1.  Background**

Robinson filed an application to proceed IFP when she filed suit, but she failed to respond to all the prompts, and the Court could not adequately evaluate her financial

---

[1] Under Special Order 3-251, this case was automatically referred to the undersigned magistrate judge for pretrial management. Dkt. No. 1. Because the undersigned concludes Plaintiff is not entitled to proceed *in forma pauperis*, the undersigned enters these findings, conclusions, and recommendation in accordance with Miscellaneous Order No. 6.

condition. Dkt. Nos. 3, 6. The Court explained the deficiencies and ordered Robinson to file an amended IFP application. Dkt. No. 6. Robinson timely complied. Dkt. No. 8.

## 2.     Discussion

Proceeding IFP in a civil case "is a privilege that may be extended or withdrawn." *Birgans v. Louisiana*, 411 F. App'x 717, 718 (5th Cir. 2011) (per curiam); *accord Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998) ("[P]roceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Whether to permit or deny an application to proceed IFP is within the sound discretion of the court, and in reviewing the application, the court may evaluate all financial resources available to an applicant. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (upholding the district court's rejection of a motion to proceed *in forma pauperis* and noting that the district court has discretion to consider the applicant's expenses and income in making such a determination). The court may consider the total monetary resources available to assist the applicant, including a spouse's income, in making this determination. *See id.* (holding that 28 U.S.C. § 1915(a) "provide[s] access to federal courts for plaintiffs who lack the financial resources" to pay filing costs). A court may also review and consider whether plaintiff's expenses are discretionary or mandatory. *Id.*

The Court concludes that Robinson has the financial resources to pay the $405.00 filing fee. First, Robinson receives about $1,600 per month in unemployment benefits but reports monthly living expenses of only $505.00. Dkt. No. 2, at 1–2, 4–5. Robinson's monthly surplus of about $1,100 more than covers the filing fee. Moreover,

2

Robinson states that any "extra expenses [are] taken care of by [her] Dad." *Id.* at 5. Finally, in both her original and amended applications, Robinson responded that she expects her financial condition to change in the next year. Dkt. Nos. 3 at 5; 8 at 5. But despite the Court's order requiring her to "include a statement explaining the expected change in her income or expenses[,]" Robinson has not done so. Dkt. Nos. 6 at 2; 8 at 5.

Given Robinson's monthly surplus and her failure to provide all the information required by the application, the district judge should deny her motion to proceed IFP because she has failed to adequately demonstrate that she is a pauper to whom the privilege of filing IFP should be extended. *See, e.g., Woodards v. Traurig*, No. 3:11-CV-2678-L-BH, 2011 WL 6934966, at *1 (N.D. Tex. Nov. 22, 2011) ("Because Plaintiff has sufficient income and limited monthly expenses, she will not suffer undue financial hardship after payment of the . . . filing fee, and her application to proceed *in forma pauperis* should be denied."), *R. & R. adopted by* 2011 WL 6934965 (N.D. Tex. Dec. 30, 2011).

### 3. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Robinson's amended IFP application, Dkt. No. 8, and **DENY as moot** Robinson's original application, Dkt. No. 3. The undersigned further recommends that the district judge order Robinson to pay the $405.00 filing fee within **fourteen (14) days** from the date of any order denying her motion to proceed IFP.

3

## 4. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 10, 2025.

                                                              **AMANDA 'AMY' R. BURCH**
                                                              **UNITED STATES MAGISTRATE JUDGE**