UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CRYSTAL ROBINSON,

    Plaintiff,

v.                                                    No. 5:24-CV-276-H-BU

CITY OF LUBBOCK PARKS & REC.,

    Defendant.

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that, because the plaintiff has not shown good cause for the failure to serve the defendant or to extend the time for service, the Court deny the plaintiff's motion to extend the time to serve the defendant (Dkt. No. 16) and dismiss the action without prejudice. Dkt. No. 13. The plaintiff has objected to the FCR. Dkt. No. 18.

An objection to an FCR must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Thus, "[f]rivolous, conclusive[,] or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982) (en banc)).

Where no specific objections are filed within the 14-day period to object after the plaintiff is served with the FCR, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). When a party files objections to a Magistrate Judge's recommendations, the Court must review those objected-to portions

de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1).

Here, the plaintiff has not made any specific objections. The plaintiff asserts—just as she did in her motion to extend the time for service—that she was unaware of the requirements for serving a defendant and requests additional time for service. Dkt. Nos. 16; 18. However, the plaintiff's objections do not identify any findings, conclusions, or recommendations that are erroneous. *See* Dkt. No. 18. The Court need not consider generalized objections that do not urge any particular error, and as a result, the Court may review the FCR for plain error. *See Battle*, 834 F.2d at 421. Finding none, the Court accepts and adopts the FCR.

However, even assuming that the Court must review the FCR de novo, the Court still accepts and adopts the FCR. The plaintiff's case has been pending for well over the 90-day period for service, *see* Dkt. No. 2, and the Magistrate Judge informed the plaintiff on February 3, 2025, that she was required to serve the defendant by March 23, 2025, *see* Dkt. No. 11. The plaintiff waited to request for the Clerk of Court to issue summons until March 21, 2025, *see* Dkt. No. 13, and she did not move to extend the time for service until May 22, 2025, *see* Dkt. No. 16. Based on these circumstances, the plaintiff has not shown good cause for failing to serve the defendant or shown good cause to extend the time for service. *See* Fed. R. Civ. P. 4(m).

As a result, even upon de novo review, the Court finds no error in the FCR and accepts and adopts it. The Court denies the plaintiff's motion to extend the time to serve the defendant (Dkt. No. 16). The plaintiff's claims against the defendant are dismissed without prejudice under Rule 4(m) for failure to timely serve the defendant.

So ordered on July __8__, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE